IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

               Plaintiff,

   v.

                                          ORDER

DAVID MAHONEY, TOUA VUE,
BEN JENNINGS, MARTIN KNOLL, JACOB ZILLI,         20-cv-50-jdp
DERRICK WALKER, TIM ALGIERS, MATT EARLL,
DRITTAN LAZAMI, FRANK SMILGIS,
BERNARD BAKER, and JOHN KLEIN,

               Defendants.

---

      Pro se plaintiff Brandon Bradley, also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution. Bradley alleged that when she was a prisoner at the Dane County Jail, she was taken to the hospital for kidney surgery, where sheriff's office staff mistreated her by keeping her in restraints the entire time she spent at the hospital recovering from that surgery. The parties filed cross-motions for summary judgment; I denied Bradley's motion and granted defendants' motion because Bradley failed to present evidence that could lead a jury to conclude that defendants' use of restraints was unreasonable. Dkt. 120 and Dkt. 137.

      Bradley has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 139. Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Bradley's motion does not meet these standards. She focuses mostly on what she believes was her unlawful confinement, but this case was not about the validity of her confinement so there is nothing for me to reconsider on that issue. Otherwise, Bradley reiterates that she believes that defendants unnecessarily restrained her at the hospital, and she contends that defendants' testimony and both the hospital's and deputies' logs detailing her condition and treatment were falsified. But Bradley had a chance at summary judgment to present her own detailed version of events disputing defendants' proposed findings and she largely failed to do so, instead presenting a vague account of her time at the hospital that was not enough for a reasonable jury to conclude that her constitutional rights were violated, particularly given the undisputed facts showing that deputies believed her to be an unpredictable and dangerous inmate who could not be left unshackled in the hospital setting. I will deny her motion to alter or amend the judgment.

Bradley has also filed a motion to seal her jail and hospital records. Dkt. 145. But any documents that "influence or underpin the judicial decision are open to public inspection unless" the documents include "trade secrets," "information covered by a recognized privilege," or "information required by statute to be maintained in confidence." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002). Because Bradley's history of incidents in jail and her medical condition throughout her time at the hospital were issues in this case, she "has waive[d] any applicable privileges or statutory protections that [her] medical records would have otherwise had." *Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2019 WL 3802874, at *4 (W.D. Wis. Aug. 13, 2019) (internal quotations omitted). So as a general matter, Bradley's relevant medical records belong as part of the public record. I previously sealed the original version of Bradley's medical records submitted by defendants and directed them to submit a new version

redacting certain personal identifiers. Dkt. 120, at 2–3. Defendants have submitted a new version, and Bradley does not suggest that the redactions are insufficient. I will deny Bradley's motion to seal.

ORDER

IT IS ORDERED that:

1.  Plaintiff Brandon D. Bradley's motion to alter or amend the judgment, Dkt. 139, is DENIED.

2.  Plaintiff's motion to seal records, Dkt. 145, is DENIED.

Entered May 24, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge